### In re J. JUNGMANN, Inc.

(Circuit Court of Appeals, Second Circuit. May 13, 1912.)

### No. 218.

BANKRUPTCY (§ 467*)—RECLAMATION OF PROPERTY—EVIDENCE—FINDINGS OF REFEREE.

Where the question whether a sale of property to a bankrupt was absolute or conditional, so as to entitle the seller to reclaim it, depended on which one of two contracts, both signed by the bankrupt, it was delivered under the finding of the referee on such question, made on conflicting evidence and approved by the District Court, will not be disturbed on appeal.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 467.*]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of J. Jungmann, Incorporated, bankrupt. Appeal by the L. A. Becker Company from an order of the District Court denying its petition to reclaim property. Affirmed.

See, also, 186 Fed. 302, 108 C. C. A. 380.

This cause comes here upon appeal from an order of the District Court, Southern District of New York. The matter is a reclamation proceeding instituted by the Becker Company which furnished a soda water fountain to the alleged bankrupt. The reclaiming creditor contends that the fountain was furnished under a contract which reserved title to the Becker Company until the price was paid. The receiver and the alleged bankrupt, on the other hand, contend that the fountain was sold absolutely, and that no title was reserved to the Becker Company. The matter was referred to a Special Master, who found against the Becker Company. The District Court affirmed his report. Two documents, known, respectively, as "Receiver's Exhibit 1" and "Petitioner's Exhibit 1," were put in evidence, both concerned with the installation of this fountain, and the main question in the case is: Under which contract was the work done?

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hastings & Gleason (A. H. Gleason, of counsel), for appellant.

Thomas. & Oppenheimer and Paine & Harrison (Leo Oppenheimer and Julian C. Harrison, of counsel), for appellee.

Before LACOMBE, WARD and NOYES, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). Concededly both papers, Receiver's Exhibit and Petitioner's Exhibit, are signed by Jungmann for the Jungmann Company, although only one of them is signed also by the Becker Company. Both are dated March 6, 1908. There is conflicting evidence as to whether or not the one known as Petitioner's Exhibit was signed at the same time as the other. The special master finds it was not, but was signed subsequently. This seems to be a reasonable decision. There are differences between the two documents which would make it a very peculiar proceeding to say the least that both should be signed at the same time as evidencing a single contract; but, be this as it may, we see no reason for not accepting the special master's finding as to the date of signing, since he saw and heard the witnesses.

If Petitioner's Exhibit was signed later than March. 6, 1908, did it operate as a modification of the contract signed on that day? Here again there is conflicting testimony as to the facts. This exhibit was not signed by the Becker Company. Jungmann's story is that he was asked to sign this particular paper some time after Receiver's Exhibit was signed, on the representation that it was a copy or duplicate which the Becker Company wanted to keep on its files; that, supposing it to be such duplicate or copy, he did not examine it, but merely signed as president. If this story be credited, there was no meeting of the minds of the parties (subsequent to March 6th) to effect any alterations in the terms of the original March 6th contract.

As the special master, who saw the witnesses and heard the conflicting testimony, has accepted Jungmann's version of the facts, and we see no reason to reverse his finding, we concur with the District Court, and affirm the order.